# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

TIM PEREZ and NORMA PEREZ,

       Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

       Defendant.

Case No. 2:14-cv-02005-RFB-PAL

**<u>ORDER</u>**

     Before the Court for consideration is the Motion for Reconsideration (ECF No. 57) and the Motion for Certification (ECF No. 58). The Court denies both motions.

## I. Motion for Reconsideration

     Defendant argues that this Court should reverse its Order (ECF No. 55) denying Defendant summary judgment on the bad faith claim. A district court possesses the inherent authority to revise, modify or rescind an interlocutory order for sufficient cause. <u>City of L.A. v. Santa Monica BayKeeper</u>, 254 F.3d 882, 886 (9th Cir. 2001). The Defendant offers a few arguments for reversal or reconsideration. First, the Defendant argues that it was error for this Court to deny summary judgment because "a genuine dispute regarding the value of a claim cannot as a matter of law support a bad faith claim." Second, the Defendant argues that this Court erred when it found that the "reasonableness" of State Farm's conduct was a matter for the jury, since the "Nevada Supreme Court has ruled that the reasonableness of an insurance carrier's conduct under the 'genuine dispute doctrine' is a matter of law appropriate for the court to determine on summary judgment and not an issue of fact for the jury." The Defendant cites to <u>Allstate Ins. Co. v. Miller</u>, 212 P.3d 318, 330 (Nev. 2009) to support this latter argument.

As a preliminary matter, the Court incorporates by reference its previous factual findings in its Order (ECF No. 55).

The Court rejects Defendant's arguments for reconsideration. First, the Court does not find that a "genuine dispute" regarding value served as a basis for its ruling even assuming that Nevada law would incorporate the "genuine dispute" doctrine relied upon by California courts. See Guebara v. Allstate Ins. Co., 237 F.3d 987, 992 (9th Cir. 2001)("Because the key to a bad faith claim is whether denial of a claim was reasonable, a bad faith claim should be dismissed on summary judgment if the defendant demonstrates that there was a genuine dispute as to coverage"). To the extent it was not clear in its previous ruling, the Court clarifies that State Farm cannot simply rely upon its own valuation of a claim in terms of its offers for the Court to find as a matter of law that its offers to the Plaintiffs were reasonable. There are various disputed facts from which a jury could infer that State Farm acted unreasonably, including but not limited to: its failure to consider pending additional medical expenses and lost wages in its offers to Plaintiffs, its seeming double standard as to its own internal estimations by employee Natalie Ross as to the value of the claims of the Plaintiffs versus the amounts offered, its apparent disregard for known medical and other expenses in terms of its offers to the Plaintiffs, and its staggered offer process in its dealings with the Plaintiffs. Thus, the Court's determination that the bad faith claim should proceed to trial is not based upon a mere valuation difference between the parties. The Court finds that there are disputed facts as to whether State Farm unreasonably disregarded known information regarding damages and disregarded its own internal estimates when it processed Plaintiffs' claims and made offers to them.

Second, the Court does not find that even under the "genuine dispute" doctrine that a trial court is required to decide as a matter of law at summary judgment whether or not an insurer acted reasonably. The Court rejects the Defendant's attempt to restructure the summary judgment analysis with its argument that Nevada law requires a trial court to determine as a matter of law whether an insurer had "a reasonable basis" for its evaluation and leaves to the jury the determination of whether the insurer's "evaluation was reasonable as a matter of law." First, the Defendant cites no authority – whether in Nevada or any other state that codifies this distinction.

The Defendant cites to the Nevada Supreme Court's decision in <u>Allstate</u> in support of this proposition.  212 P.3d at 330.   This citation and reliance is misplaced.  The Nevada Supreme Court ruled that a trial court could determine as a matter of law whether or not an insurer was legally obligated to file an interpleader action and not whether an insurer acted reasonably as a matter of law regarding its valuation of a claim.  <u>Id.</u>  Second, the "genuine dispute" doctrine itself as applied does not require such a legal determination in bad faith cases.  As the Ninth Circuit itself explained, the "genuine dispute" doctrine does not enshrine a mandated form of analysis or inquiry but must instead be considered on a "case-by-case basis."  <u>Guebara</u>, 237 F.3d at 994.

Most importantly, the Defendant has misstated the impact of the rule on a trial court's inquiry as to motions for summary judgment.  <u>See</u> <u>Wilson v. 21st Century Ins. Co.</u>, 42 Cal. 4th 713 723-25 (2007)(explaining the operation of the doctrine).  The genuine dispute doctrine does not "not relieve an insurer from its obligation to thoroughly and fairly investigate, process and ***evaluate*** the insured's claim."  <u>Id.</u> at 723 (emphasis added).  Moreover, as the California Supreme Court explained, when it reversed summary judgment in favor of an insurer based on the genuine dispute doctrine, the doctrine does not fundamentally alter the traditional analytic framework for summary judgment:

> "Nor does the rule alter the standards for deciding and reviewing motions for summary judgment. The genuine issue rule in the context of bad faith claims allows a [trial] court to grant summary judgment when it is ***undisputed or indisputable that the basis for the insurer's denial of benefits was reasonable***—for example, where even under the plaintiff's version of the facts there is a genuine issue as to the insurer's liability under California law. [Citation.] … On the other hand, an insurer is not entitled to judgment as a matter of law where, viewing the facts in the light most favorable to the plaintiff, a jury could conclude that the insurer acted unreasonably." <u>Id.</u> at 724 (citing <u>Amadeo v. Principal Mut. Life Ins. Co.</u>, 290 F.3d 1152, 1161–1162 (9th Cir. 2002)(emphasis added).

The standard identified by the California Supreme Court is not the one offered by the Defendant here that if the trial court determines that there is "a reasonable basis" for the insurer's conduct then the insurer is entitled to summary judgment as a matter of law.  Rather, the California Supreme Court reiterates the standard of the Ninth Circuit in <u>Amadeo</u> that the claim should proceed to the jury if "a jury ***could conclude*** that the insurer acted unreasonably."  290 F.3d at 1161 (emphasis added).  Moreover, as the Ninth Circuit explained in Amadeo the "The reasonableness of an

1  insurer's claims-handling conduct is ordinarily a question of fact."  Id.  The Court has concluded

2  in this case that a jury could reasonably conclude that the Defendant acted unreasonably when it

3  did not offer full coverage to the Plaintiffs on their UIM claims.  Summary judgement is thus

4  inappropriate even considering the "genuine dispute" doctrine.

6  **II.  Certification to the Ninth Circuit on "Genuine Dispute" Doctrine Under Nevada Law**

7       The Court also declines to certify any question to the Ninth Circuit Court of Appeals

8  pursuant to 28 U.S.C. § 1292.  First, as the Court's analysis above indicates, its decision on the

9  motion for summary judgement as first announced and clarified in this Order does not stem from

10  a rejection of the applicability or incorporation of the "genuine dispute" doctrine into the Nevada

11  law.  Even accepting the applicability of the "genuine dispute" doctrine to bad faith claims under

12  Nevada law, the Court would reach the same conclusion as to the Defendant's motion for summary

13  judgment.

14       Second, to the extent the Court would even consider certifying a question as to the

15  applicability and analytic function of the "genuine dispute" doctrine under Nevada law such

16  certification would properly be made to the Nevada Supreme Court and not the Ninth Circuit Court

17  of Appeals.  As recognized by the Ninth Circuit, "[i]t is solely within the province of the state

18  courts to authoritatively construe state legislation." Cal. Teachers Ass'n v. State Bd. Of Educ., 271

19  F.3d 1141, 1146 (9th Cir. 2001).  Thus, the Nevada Supreme Court ultimately construes state

20  statutes and possible doctrines available for claims under state law.  Id.  This Court finds, however,

21  for the reasons stated, that certification is not necessary to the Nevada Supreme Court or the Ninth

22  Circuit Court of Appeals.

24  **III.  Conclusion**

25       For the reasons stated,

26       **IT IS ORDERED** that the Defendant's Motion for Reconsideration (ECF No. 57) and

27  Motion for Certification (ECF No. 58) are DENIED.

**IT IS FURTHER ORDERED** that the parties shall file a Proposed Joint Pretrial Order by **April 20, 2018** so the Court can set this case for trial.

DATED this <u>31st</u> day of March, 2018.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**